IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD A. PRICE, et al.,

Plaintiffs,

v.

CITY OF LOVINGTON, a
municipal corporation, et al.,

Defendants.

FILED IN OPEN COURT
Date: 9-25-03
Time: 5:40 pm
Judge: Lam
LOURDES A. MARTINEZ

Civ. No. 02-0684 LCS/LAM

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended Complaint *(Doc. 95)*. The Court having reviewed the motion, the respective responses filed by Defendants City of Lovington, Bob Carter and Charles Kelley, and Navajo Refining Company, L.P., Plaintiffs' reply, and applicable law, finds that the motion is well-taken in part and should be **GRANTED IN PART** and **DENIED IN PART**. The Court notes that Defendant Dairy Farmers of America failed to serve and file a timely response in opposition to the motion which constitutes consent to grant the motion pursuant to D.N.M.LR-Civ. 7.1(b).

## Background

This case arises out of the alleged exposure of Plaintiffs to toxic materials in connection with the maintenance and operation of the City of Lovington's sewer system and waste water treatment facility. In their original complaint, Plaintiffs asserted claims for intentional infliction of emotional and mental distress, infliction of emotional and mental distress, infliction of physical injuries and illness, creation and maintenance of a public nuisance, wrongful death of a minor child, violation

of federal laws, civil conspiracy and deprivation of civil rights (*Doc. 1*). The Court dismissed four of the claims in the original complaint. Plaintiffs' claims for wrongful death of a minor child, civil conspiracy and deprivation of civil rights were dismissed with prejudice[1]. Plaintiffs' claim for violation of federal laws was dismissed without prejudice[2].

After a responsive pleading is served, a plaintiff may only amend the complaint by leave of the Court or upon written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend should be freely granted when justice so requires. *Id.* However, if the Court determines there is reason to deny leave to amend such as undue delay, bad faith or dilatory motive on the part of the movant, a repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of the amendment, leave may be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs seek to amend their complaint to add claims for negligence, ultrahazardous activity, strict liability, negligence per se, loss of consortium, battery and private nuisance, and to reword the jury demand and prayer for relief (*Doc. 95, Exhibit A*). The proposed amended complaint is identical to the original complaint with the following exceptions: slight changes to the title and introductory paragraph; the deletion of some, but not all, of the paragraphs of Plaintiffs' claims for violation of federal law and civil conspiracy; the addition of the claims Plaintiffs seek to add to the complaint; and the reworded jury demand and prayer for relief (*Doc. 95, Exhibit A*).

---

[1] Order entered October 28, 2002 (*Doc. 25*), Order Entered November 13, 2002 (*Doc. 34*), Order entered January 17, 2003 (*Doc. 51*), and Memorandum Opinion and Order entered May 7, 2003 (*Doc. 100*).

[2] Memorandum Opinion and Order entered May 7, 2003 (*Doc. 100*).

2

Plaintiffs argue that their motion should be granted because they "have realized [since the original complaint was filed] that facts and law support additional causes of action against the Defendants." Plaintiffs contend they will be seriously prejudiced if their additional claims are not added to the complaint. Plaintiffs argue that Defendants will not be prejudiced by their amendments because the claims in the proposed amended complaint arise out of the same factual allegations as the claims in the original complaint and there is additional time remaining for discovery in this case.

Defendant Navajo Refining Company, L.P. ("Defendant Navajo") contends that Plaintiffs' motion should be denied, or granted conditionally, because Plaintiffs seek to re-allege the claims in the original complaint that were dismissed with prejudice by the Court. Additionally, Defendants City of Lovington, Bob Carter and Charles Kelley (collectively, the "Lovington Defendants") argue that the motion should be denied as to certain claims asserted against them in the proposed amended complaint because these claims are futile. Defendants do not contend that Plaintiffs' motion should be denied for undue delay, bad faith, dilatory motive, a repeated failure to cure deficiencies by previously allowed amendments, or undue prejudice.

## Timeliness of Motion

Plaintiffs argue that their motion is timely and Defendants do not contest the timeliness of the motion. The Court will address this as a threshold issue because Plaintiffs raise this issue in their motion and reply. With respect to timeliness, none of the orders entered in this case pursuant to Federal Rule of Civil Procedure 16 have thus far set a deadline for the amendment of the pleadings. Pursuant to the Provisional Discovery Plan, filed January 10, 2003 (*Doc. 48*), defense counsel and Plaintiffs' prior counsel requested that Plaintiffs be allowed until February 15, 2003, to amend the complaint. Plaintiffs' current counsel entered their appearance in this case on March 10, 2003 (Doc.

3

67) and communicated their intention to seek leave to amend the complaint on March 24, 2003 in Plaintiffs' Motion to Extend Rule 16 Scheduling Order (and Pre-Trial Order) Deadlines (*Doc. 69, paragraph 8*). According to Plaintiffs, counsel for the parties subsequently agreed to extend their agreed upon deadline for amending the complaint to May 2, 2003, the date Plaintiffs' motion was filed. However, this deadline was never the subject of a formal order[3]. The deadline for completion of discovery in this case is November 30, 2003 (*Doc. 48*). No trial date has been set but a telephonic hearing is scheduled for September 26, 2003, to set a date for trial (*Doc. 135*).

The record in this case indicates a lack of diligence by Plaintiffs' prior counsel in pursuing the investigation of the case and discovery. However, since their entry of appearance, Plaintiffs' current counsel appear to have been diligent in prosecuting this case. Counsel for Defendants do not contest the timeliness of the motion or argue that the motion is unduly prejudicial because of its timing. While the Court notes that untimeliness alone may be a sufficient basis for denial of leave to amend[4], it finds that the purpose of Rule 15 should prevail on these facts and the motion should not be denied for untimeliness. In this case Plaintiffs' motion was made well before the deadline for completion of discovery and trial, and injustice is more likely to occur if the motion is denied than if it is granted[5].

**Reassertion of Claims Dismissed with Prejudice**

The proposed amended complaint realleges claims from the original complaint that were

---

[3]Correspondence in the Court file dated April 9, April 15 and April 18, 2003, from counsel for the parties to the undersigned, confirms the parties' informal agreement to allow Plaintiffs until May 2, 2003 to file a motion for leave to amend the complaint.

[4]*Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

[5]*See Patton v. Guyer*, 443 F. 2d 79, 86 (10th Cir. 1971) (defense not prejudiced because motion to amend was granted several months before trial).

4

dismissed with prejudice by the Court. These are Plaintiffs' claims for wrongful death of a minor child (Count X) and deprivation of civil rights (Count XIV). Additionally, the proposed amended complaint appears to reallege a portion of the last paragraph of Plaintiffs' claim for civil conspiracy which was also dismissed with prejudice, although this may be a typographical error[6]. Except for the deletion of the initial paragraphs of Plaintiffs' civil conspiracy claim, these three claims in the proposed amended complaint are identical to the same claims asserted in the original complaint. Defendant Navajo argues that because an amended pleading supersedes a prior pleading, these dismissed claims will be reinstated if Plaintiffs' motion to file the proposed amended complaint is granted. Defendant Navajo contends that the Court should either deny Plaintiffs leave to amend, or condition leave to amend on these claims being deleted from the proposed amended complaint.

Plaintiffs concede in their reply that the proposed amended complaint realleges claims that have been dismissed with prejudice by the Court. Plaintiffs also concede that they do not intend to reassert these claims and will delete these claims from the proposed amended complaint, if necessary. Plaintiffs propose that the Court enter an order granting them leave to file the proposed amended complaint on the condition that prior rulings remain in effect regarding claims already dismissed. The Tenth Circuit has held that a party's amended complaint need not reallege claims previously dismissed on their merits in order to preserve error. *Davis v. TXO Production Corp.*, 929 F. 2d 1515, 1517-1518 (10th Cir. 1991). Therefore, the Court finds that Plaintiffs need not include in their amended complaint those claims already dismissed with prejudice on their merits. Because the exclusion of claims already dismissed with prejudice by the Court will simplify the proposed

---

[6] In the proposed amended complaint, Count XI for violation of federal laws ends at paragraph 265 and what appears to be Count XII or Count XIII for civil conspiracy begins in the middle of paragraph 273.

5

amended complaint. Plaintiffs will be granted leave in part to amend their complaint in accordance with this Memorandum Opinion and Order on the condition that they delete from the proposed amended complaint Count X for wrongful death of a minor child, Count XIV for deprivation of civil rights, and any claim for civil conspiracy that is identical to the civil conspiracy claim already dismissed with prejudice by the Court.

### Futility of Claims

Leave to amend may be denied with respect to claims that are futile. *Foman*, 371 U.S. at 182. On several occasions, the Tenth Circuit has denied amendments as futile where the amendment does not state a claim for relief. *See, e.g., Schepp v. Fremont County, Wyo.*, 900 F. 2d 1448, 1451-1453 (10th Cir. 1990) (holding that a motion to amend to add a defendant with absolute immunity was properly denied because it was futile).

The Lovington Defendants argue that Plaintiffs' motion should be denied as to claims asserted against them in the proposed amended complaint for ultrahazardous activity, strict liability and battery. The Lovington Defendants contend these claims are barred by the New Mexico Tort Claims Act, N.M.Stat.Ann. §§ 41-4-1 through 41-4-29 (Michie 1996 & Cum. Supp. 2002) ("Tort Claims Act"), and are therefore futile. The Lovington Defendants also contend that Plaintiffs' motion should be denied as to claims asserted against them in the proposed amended complaint by Plaintiffs Ron Price and Bobby Adams for negligence, negligence per se and loss of consortium because workers' compensation is the exclusive remedy for these claims. Plaintiffs do not address these arguments in their reply.

Defendant City of Lovington is a governmental entity subject to the provisions of the Tort Claims Act. *See Cole v. City of Las Cruces*, 99 N.M. 302, 305, 657 P.2d 629, 632 (1983). Under

the Tort Claims Act, the City is immune from suit for ultrahazardous activity, strict liability and battery unless the Act contains a waiver of immunity for these torts. N.M. Stat. Ann. § 41-4-4(A) (Michie Cum. Supp. 2002). The Act waives immunity for eight enumerated classes of activity, none of which applies to these torts given the alleged facts of this case. *See* N.M. Stat. Ann. §§ 41-4-5 through 41-4-12 (Michie 1996). Additionally, the New Mexico Supreme Court has held that the Tort Claims Act grants immunity to governmental entities for strict liability in tort. *Saiz v. Belen School Dist.*, 113 N.M. 387, 402, 827 P.2d 102, 117 (1992). Therefore, the Court concludes that the amendment of Plaintiffs' complaint to add claims against Defendant City of Lovington for ultrahazardous activity, strict liability and battery would be futile and Plaintiffs' motion should be denied as to these claims.

On the record before it, the Court is not prepared decide that Plaintiffs should be denied leave to amend their complaint to add the other claims that the Lovington Defendants contend are futile. While these claims may be futile, the Court concludes that the issue of the futility of these claims is best considered by the presiding judge for this case in the context of motions to dismiss or for summary judgment. Thus, Plaintiffs will be granted leave to amend to add the other claims that the Lovington Defendants contend are futile. These are Plaintiffs' claims against Defendant City of Lovington for negligence (Count XV), negligence per se (Count XIX) and loss of consortium (Count XX), and Plaintiffs' claims against Defendants Bob Carter and Charles Kelley for ultrahazardous activity (Count XVII), strict liability (Count XVIII), negligence per se (Count XIX) and loss of consortium (Count XX)[7].

---

[7] The added counts in Plaintiffs' proposed amended complaint for negligence (Counts XV and XVI) and battery (Count XXI) do not allege claims against Defendants Bob Carter and Charles Kelley.

## Conclusion

The Court **FINDS** that Plaintiffs' Motion for Leave to File Amended Complaint (*Doc. 95*) is timely and should be **GRANTED IN PART and DENIED IN PART**. Plaintiffs are granted leave to file their proposed amended complaint on the condition that they exclude from their amended complaint: (1) the claims against all Defendants for wrongful death of a minor child, deprivation of civil rights and civil conspiracy that were previously dismissed by the Court with prejudice; and (2) the claims against Defendant City of Lovington for ultrahazardous activity, strict liability and battery which the Court concludes are futile.

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' Motion for Leave to File Amended Complaint (*Doc. 95*) is **GRANTED IN PART** and Plaintiffs are granted leave to file their proposed amended complaint on the condition that they exclude from their amended complaint the claims as to which the Motion is **DENIED**, namely Plaintiffs' claims against all Defendants for wrongful death of a minor child (Count X), deprivation of civil rights (Count XIV) and civil conspiracy (no numbered count), which were previously dismissed by the Court with prejudice, and Plaintiffs' claims against Defendant City of Lovington for ultrahazardous activity (Count XVII), strict liability (Count XVIII) and battery (Count XXI) which the Court concludes are futile[8].

---

[8]The remaining claims which Plaintiffs may assert in their proposed amended complaint are their claims for intentional infliction of emotional and mental distress (Count I), infliction of emotional and mental distress (Counts II, III and IV), infliction of physical injuries and illness (Counts V, VI, VII and VIII), creation and maintenance of a public nuisance (Count IX), violation of federal laws (Count XI), negligence (Counts XV and XVI), ultrahazardous activity (Count XVII) (as to all defendants except the City of Lovington), strict liability (Count XVIII) (as to all defendants except the City of Lovington), negligence per se (Count XIX), loss of consortium (Count XX) and private nuisance (Count XXII).

2.      Plaintiffs' must file and serve their amended complaint, as permitted by this Memorandum Opinion and Order, no later than October 8, 2003.

**IT IS SO ORDERED.**

*Lourdes Martinez*
UNITED STATES MAGISTRATE JUDGE